1
2
3
4
5          **IN THE UNITED STATES DISTRICT COURT**
6         **FOR THE EASTERN DISTRICT OF CALIFORNIA**
7
8    RONALD INMAN,                          CASE NO. 1: 12-cv-01049-AWI-BAM
9                    Plaintiff,            **ORDER GRANTING PLAINTIFF'S**
                                            **MOTION TO PROCEED IN FORMA**
10                                          **PAUPERIS; DISMISSING PLAINTIFF'S**
                                            **COMPLAINT WITH LEAVE TO AMEND**
11         vs.
12
     SUPERIOR COURT OF CALIFORNIA
13   COUNTY OF STANISLAUS, *et al.*,
14                   Defendants.
                                    /
15
16   **I.      Plaintiff's Application to Proceed In Forma Pauperis**
17         On June 27, 2012, plaintiff Ronald Inman ("Plaintiff"), a state prisoner appearing pro se, filed
18   a motion to proceed in forma pauperis.  (Doc. 2.)  Having reviewed the in forma pauperis
19   application, this Court GRANTS Plaintiff's application.
20   **II.     Screening Requirement**
21         Federal courts must engage in a preliminary screening of cases in which prisoners seek
22   redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §
23   1915A(a); *In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2008).  A district court must identify
24   cognizable claims or dismiss the complaint, or any portion of the complaint, if it "is frivolous,
25   malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from
26   a defendant who is immune from such relief." Id. § 1915A(b).
27
28
                                              1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not.  *Id.* at 1949.

In reviewing a complaint under this standard, the Court must accept as true the well pled allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the Plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the Plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)). If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile.  *Lopez*, at 1128.

### III.    Complaint Allegations

Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  On June 27, 2012, Plaintiff filed a Complaint seeking an order commanding defendants Superior Court of California, County of Stanislaus, Judge Donald Shaver and Judge John Whiteside (collectively, "Defendants") to comply with California Rule of Court 4.551 and a previous order of the California Court of Appeal for the Fifth Appellate District.  Plaintiff also seeks damages "in the amount of no less than $10,000.00."  Plaintiff does not articulate any causes of action or legal grounds for relief.

### IV.    Discussion

For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies

2

1   described by the Court in this order.

2   **A.       Plaintiff's Complaint Fails to Comply With Rule 8**

3       A complaint must contain "a short and plain statement of the claim showing that the pleader

4   is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2).  A pleading may not simply allege a wrong has been

5   committed and demand relief.  The underlying requirement is that a pleading give "fair notice" of the

6   claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78

7   S.Ct. 99, 103 (1957); *Yamaguchi v. United States Department of AirForce*, 109 F.3d 1475, 1481(9th

8   Cir. 1997).  Although a complaint need not outline all elements of a claim, "[i]t must be possible ...

9   for an inference to be drawn that these elements exist." *Walker v. South Central Bell Telephone Co.*,

10  904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th

11  Cir. 1998).  A plaintiff must allege with at least some degree of particularity overt facts which

12  defendant engaged in to support plaintiff's claim. *Jones v. Community Redev. Agency*, 733 F.2d 646,

13  649 (9th Cir. 1984).

14      Generally, the Court is lenient and liberally construes pro se pleadings.  Plaintiff's

15  Complaint, however, does not contain any causes of action, nor does it provide a legal or factual

16  basis for relief.  Rather, Plaintiff's Complaint, in four conclusory sentences, states the Stanislaus

17  Superior Court and two Superior Court Judges have failed to follow the California Rules of Civil

18  Procedure and the orders of a California Appellate Court.  This is insufficient to state a claim for

19  relief under Rule 8's liberal pleading standards.  *Yamaguchi,* 109 F.3d at 1481.

20  **B.       Jurisdiction**

21      In order to state a claim in a United States District Court, Plaintiff must establish federal

22  jurisdiction.  Federal courts are courts of limited jurisdiction and lack inherent or general subject

23  matter jurisdiction. Federal courts can adjudicate only those cases in which the United States

24  Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins*. Co., 511

25  U.S. 375, 114 S.Ct. 1673, 1677 (1994).  Generally, these cases involve diversity of citizenship (in

26  which the matter in controversy exceeds the sum or value of $75,000 and is between citizens of

27  different states), or a federal question, or to which the United States is a party. 28 U.S.C. §§ 1331

28  and 1332; *See also, Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L. Ed.

2d 391 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008, 104 L. Ed. 2d 593 (1989).

Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; 114 S.Ct. at 1677. Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v. Videotape Computer Products*, Inc., 93 F.3d 593, 594-595 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir.1988).

Plaintiff has failed to establish that federal jurisdiction exists. Indeed, Plaintiff has not alleged any causes of action to establish the Court's basis of jurisdiction. The Complaint does not allege that the parties are citizens of different states. Moreover, even if Plaintiff sufficiently alleged complete diversity between the parties - something Plaintiff cannot do as all involved parties are California residents - Plaintiff specifically alleges the amount in controversy is $10,000.00.

**C.    Defendants Have Eleventh Amendment Immunity**

The Superior Court for the County of Stanislaus, and its judges, are an arm of the state and thus under the Eleventh Amendment cannot be sued in federal court. *See, e.g., Simmons v. Sacramento County Superior Court*, 318 F.3d 1156,1161 (9th Cir.2003) (11th Amendment bars suit against state superior court and its employees); *Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir.), amended, 127 F.3d 1135 (9th Cir. 1997) (state case law and constitutional provisions make clear that California Superior Court is state agency); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (California municipal court is arm of state protected from lawsuit by 11th Amendment immunity); *Greater Los Angeles Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1110 & n. 10 (9th Cir. 1987) (11th Amendment bars suit against Superior Court of State of California regardless of relief sought).

**D.    Judicial Immunity Bars Plaintiff's Claims**

Plaintiff's claims against the defendant judges are barred. State judges are absolutely immune from civil liability for damages for acts performed in their judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 553–55, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) (applying judicial immunity to actions under 42

4

U.S.C. § 1983).  Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages.  *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).  As long as the judge has jurisdiction to perform the "general act" in question, he or she is immune, however erroneous the act may have been, however injurious the consequences of the act may have been, and irrespective of the judge's claimed motivation.  *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000).

**E.      The Court lacks Jurisdiction to Compel Action By State Employees**

The Court has screened Plaintiff's filing as a Complaint.  However, because Plaintiff has not presented any causes of action or legal claims for relief, and because the primary relief sought appears to be an order commanding action by the Defendants, the Court may appropriately view Plaintiff's pleading as a Petition for Writ of Mandamus.  The federal mandamus statute grants district courts jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

The Court lack subject matter jurisdiction of such a Petition because this case does not involve "an officer or employee of the United States or any agency thereof," but rather, an officer or employee of the state of California. 28 U.S.C. § 1361; *see also, Newton v. Poindexter*, 578 F.Supp. 277, 279 (E.D. Cal.1984).  The Court lacks mandamus jurisdiction over a petition seeking to compel action by a state employee.  *See, Demos v. United States District Court for the E. Dist. of Wash.*, 925 F.2d 1160, 1161–2 (9th Cir. 1991) (A Petition for Writ of Mandate in a federal court which seeks an order directed to a state court is frivolous as a matter of law).

/./././

/./././

5

**CONCLUSION**

For the reasons set forth above, the Court Orders as follows:

1.     The Court GRANTS Plaintiff's in forma pauperis application; and

2.     The Court DISMISSES Plaintiff's Complaint WITH LEAVE TO AMEND.  Plaintiff SHALL file an amended complaint within twenty (20) days of the date of service of this Order.  If Plaintiff fails to file an amended complaint in compliance with this Order, this action will be dismissed WITH PREJUDICE, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**    **July 25, 2012**                    /s/ **Barbara A. McAuliffe**
                                                                              UNITED STATES MAGISTRATE JUDGE

6